IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RACHNA J. PATEL,                              )
      Plaintiff,                          )
                                   )     Civil Action No. 1:12-298
            vs.                              )     District Judge Cathy Bissoon/
                                   )     Magistrate Judge Robert C. Mitchell
SAINT VINCENT HEALTH CENTER,                  )
      Defendant.                          )

## REPORT AND RECOMMENDATION

ROBERT C. MITCHELL, United States Magistrate Judge.

### I.  RECOMMENDATION

On August 29, 2014, Defendant, Saint Vincent Health Center ("SVHC") filed a motion for summary judgment [ECF No. 77].  Plaintiff, Rachna J. Patel, responded thereto on October 29, 2014. [ECF No. 83].  Defendant claims that there is no issue of material fact and that it is entitled to judgment as a matter of law as to all claims asserted by Plaintiff.  Defendant filed a reply on December 5, 2014. [ECF No. 89].

After a careful review of Defendant's motion for summary judgment, brief in support, Plaintiff's response, and Defendant's reply, and upon independent review of the evidence of record, for the following reasons, it is respectfully recommended that Defendant's motion for summary judgment [ECF No. 77] be granted in part and denied in part.  It is specifically recommended as follows:

Pursuant to a stipulation of dismissal submitted by Plaintiff, her Title IX sex discrimination claim be dismissed;

Summary judgment be denied on Plaintiff's claim that SVHC interfered with Plaintiff's FMLA rights by failing to inform Plaintiff that Dr. Patel's certification was insufficient and

1

incomplete and considering any leave after July 26, 2011 unprotected by the FMLA in violation of 29 C.F.R. § 825.305;

Summary judgment be denied for Plaintiff's claim that SVHC interfered with her FMLA rights by failing to provide her with a Designation Notice within five days of her doctor submitting a certification for her initial period of FMLA leave and within five days of her request for an extension of FMLA leave in violation of 29 C.F.R. § 825.300;

SVHC be granted summary judgment on Plaintiff's claim that SVHC interfered with her FMLA rights because it required she submit a recertification sooner than the fifteen day period set forth in the regulations in violation of 29 C.F.R. § 825.308;

Summary judgment be denied on Plaintiff's claim that SVHC interfered with her FMLA rights for its failure to inform her of the consequences for failing to timely submit a recertification in violation of 29 C.F.R. § 825.308;

Summary judgment be denied on Plaintiff's claim that SVHC interfered with her FMLA rights by not providing an equitable amount of time for her to submit a recertification in violation of 29 C.F.R. § 825.308;

Summary judgment be denied for Plaintiff's claim that SVHC retaliated against her for her request for extended FMLA leave; and

Summary judgment be denied for Plaintiff's breach of contract claims.

## II. REPORT

### A. Factual Background

As a general matter, the instant case involves the Plaintiff Rachna Patel's, enrollment and subsequent termination from Defendant, Saint Vincent Health Center's ("SVHC") four-year medical residency program which she contends violated the Family Medical Leave Act

("FMLA").

>    i.    *Plaintiff's Employment History*

Plaintiff Rachna J. Patel[1], for the applicable time period, was a Resident Physician employee of Defendant St. Vincent Health Center[2] ("SVHC") in Erie, Pennsylvania in its Osteopathic Emergency Medicine Residency Program. Plaintiff successfully completed her first year of residency which ran from July 1, 2009 to June 30, 2010. In June 2010, Plaintiff and Defendant entered into an "Appointment Agreement" for the second year of her residency. The Agreement outlines the expectations and obligations of employment and includes procedures for disciplinary matters. It provides in pertinent part:

> Upon determination by the Program Director, Director of Osteopathic Medical Education, Vice President for Medical Education and the President of the Health Center that you have not fulfilled or cannot fulfill each of your obligations under this Agreement, the Center may, in its sole discretion, terminate the Agreement or take such other disciplinary action as it deems appropriate. Immediate suspension and/or dismissal may be instituted by the Health Center for serious infractions or offenses.
>
> . . .
>
> Notwithstanding the foregoing, the Center shall not terminate the Agreement or take any other disciplinary action without first providing you with notice and an opportunity to communicate the situation openly.
>
> If the grievance cannot be resolved informally, you must, within ten (10) days from the receipt of notice of termination or other

---

[1]    It is undisputed that Plaintiff is an eligible employee under the FMLA, as she had been employed for at least twelve months, worked for at least 1,250 hours during that twelve month period, and no exclusions apply. 29 U.S.C. § 2611; *see* Def. Statement of Material Facts ("SMF") [ECF No. 79] at ¶ 10.

[2]    Defendant is engaged in interstate commerce, employs more than fifty employees in each working day during at least twenty calendar weeks in the current or preceding calendar year and it is undisputed that it thus meets the statutory definition of "employer" for purposes of the FMLA. 29 U.S.C. § 2611(4); *see* Def.'s SMF [ECF No. 79] at ¶ 11.

> disciplinary action, file a written demand for hearing. Thereafter, the Program Director shall submit to you a written statement of charges and/or grievances within ten (10) days after receipt of such demand.

SVHC Appointment Agreement [ECF No. 85-2] at 6-7. Further, the SVHC employee handbook states that an employee's "[f]ailure to return to work or to request an extension at the conclusion of an approved leave may be deemed a voluntary termination of employment." Def.'s Statement of Material Facts [SMF] [ECF No. 79] at ¶ 29.

To advance to the third year of the Osteopathic Emergency Medicine Residency Program, Plaintiff was required to demonstrate competence in seven core competencies regarding medical knowledge and was required to pass the Competency Osteopathic Medical Licensing Exam Level III (COMLEX) examination. In April 2011, Plaintiff advised her Resident Program Director, Dr. Matthew T. McCarthy ("Dr. McCarthy") that she failed the COMLEX exam. On April 29, 2011, Plaintiff was placed on an academic performance improvement plan and was advised that if she did not produce passing COMLEX scores by June 30, 2011, she would be placed on an academic leave of absence. Because Plaintiff was on approved FMLA leave during that time, Plaintiff was subsequently advised that she was required to produce passing COMLEX scores by September 30, 2011 or be subject to academic dismissal. Plaintiff took the COMLEX again on July 26, 2011 and received a passing score.

ii.    *Plaintiff's Medical History*

Plaintiff was diagnosed with a heart condition known as superventricular tachycardia ("SVT") which causes a rapid heart rate and which leads to light-headedness, dizziness and in extreme cases can cause loss of consciousness. Plaintiff's heart condition caused her to lose consciousness on multiple occasions. In 2011, Plaintiff began treatment with cardiologist Dr. Jaydutt B. Patel, M.D., ("Dr. Patel") and Saint Vincent Consultants in Cardiovascular Diseases,

LLC.

During her second year of residency from January 2011 through May 2011, Plaintiff had three prolonged episodes of SVT. On January 25, 2011, she was working an overnight emergency room shift in SVHC and suffered from an arrhythmia episode and was hospitalized overnight. In March 2011, while she was completing an elective trauma surgery rotation in India, she suffered an arrhythmia episode that lasted seven to eight hours before she was taken to a local cardiologist for treatment. In May 2011, she was working on an overnight toxicology rotation in SVHC and while attending to a critical patient, suffered from an arrhythmia episode.

After the May 2011 SVT episode, Plaintiff informed Dr. McCarthy that she needed to go on medical leave to treat her SVT. Additionally, Plaintiff scheduled cardiac ablation surgery with Dr. Patel to be conducted on June 23, 2011. Cardiac ablation is a procedure to correct heart arrhythmias using catheters to scar or destroy malfunctioning cells in the heart that trigger said arrhythmia. Plaintiff underwent inpatient heart ablation surgery on June 23, 2011 and was discharged from the hospital on June 24, 2011. At the time of her discharge, Plaintiff was instructed to follow up with her primary care physician in one to two weeks and was provided the telephone number for a nursing hotline to report any abnormal symptoms and was permitted to return to work three days later. Def.'s SMF [ECF No. 79] at ¶ 44.

Plaintiff had a follow-up appointment with Dr. Patel on July 22, 2011, but she failed to attend or otherwise reschedule the appointment. *Id*. She claims that she continued to have SVT symptoms immediately following the surgery on June 27, 2011. Plaintiff did not seek treatment for any continued SVT symptoms following her surgery. *Id*. at 46-47.

iii.    *Plaintiff's FMLA Leave*

On June 1, 2011, before her cardiac ablation surgery, Plaintiff submitted to SVHC a

Request for Leave form indicating that a serious health condition made her unable to perform the essential functions of her job. *See* SVHC Request for Leave Form [ECF No. 85-2]. The Request for Leave Form indicated that if Plaintiff did "not return to work after the expiration of a leave . . . [she would] be separated from employment." Def.'s SMF [ECF No. 79] at ¶ 28. According to Plaintiff, Defendant's HR Representative Sandra Lee Freeman instructed Plaintiff to leave the spaces marked "Start Date" of leave and "Expected Return Date" blank, and that Ms. Freeman would later complete those sections. Pl.'s SMF [ECF No. 84] at ¶ 19. Plaintiff also asserts that Ms. Freeman unilaterally assigned Plaintiff a return to work date of June 24, 2011, to which Plaintiff then informed Ms. Freeman that she would still be in the hospital recovering from her surgery on that date. *Id*. at ¶ 21. Plaintiff alleges that after she informed Ms. Freeman of this, Ms. Freeman assigned a return to work date of June 26, 2011 without requesting any medical documentation or certification from Plaintiff. *Id*. On or about June 15, 2011, Dr. Patel's office sent SVHC's HR Department Plaintiff's completed medical certification form but it did not specifically indicate a return to work date. Certification of Health Care Provider for Employee's Serious Health Condition [ECF No. 85-2] at 13-16. On the medical certification form, Dr. Patel indicated that Plaintiff would be incapacitated due to her medical condition, but indicated that the period of incapacity was "unknown until ablation." *Id*. at 15. Similarly, Dr. Patel indicated that Plaintiff's treatment schedule including any recovery period was "unknown until ablation." *Id*. Additionally, Dr. Patel indicated that Plaintiff may experience flare-up symptoms such as rapid heart rate, lightheadedness or dizziness, which were medically necessary for the Plaintiff to be absent from work. *Id*.

During this time period, SVHC was in the process of outsourcing its FMLA Human Resources Department and terminated Ms. Freeman on June 21, 2011. Pl.'s SMF [ECF No. 84]

at ¶ 35.  As a consequence, Plaintiff's FMLA claim, along with approximately two hundred other FMLA claims, was delegated to Human Resource Director, Kim Figurski. *Id*. at ¶ 36.  Ms. Figurski resigned from her position as Human Resource Director shortly thereafter in early September 2011. *Id*. at ¶ 37.

After Plaintiff's surgery, Dr. Patel prepared a discharge summary indicating that Plaintiff could return to work within three days, that she should follow up with her primary care physician within one to two weeks after her surgery and scheduled a follow-up appointment with him on July 22, 2011.  After her surgery, Plaintiff claims she continued to have symptoms of SVT two to three times a week and sometimes multiple times a day. *Id.* at ¶ 48.  Plaintiff contacted Ms. Freeman on June 27, 2011 to extend her medical leave, but was informed that Ms. Figurski was taking over her case.  According to Plaintiff, Ms. Figurski informed her that she would look at Plaintiff's file and if any issues arose, she would contact Plaintiff. *Id.* at ¶ 41.  Plaintiff also asserts that Ms. Figurski did not notify Plaintiff of any need for further medical certification, any unfavorable consequences, such as termination, if she failed to provide the recertification or any deadline to submit the recertification. *Id*. at ¶ 42.  Based upon Ms. Figurski's information, Plaintiff believed that her continued leave was authorized. *Id*. at ¶ 44.  On June 27, 2011, Plaintiff contacted Dr. McCarthy and informed him that she received more FMLA leave time. *Id*. at ¶ 45.  Dr. McCarthy testified that Plaintiff did not inform him when she was going to return to work and that he assumed Plaintiff would return to work on August 1, 2011. Preliminary Injunction Tr. [ECF 20-2] at 127-129.  On August 1, 2011, Plaintiff did not return to work and her absence was considered "unauthorized leave" and she was terminated from her employment. *Id.* at 32.

On July 11, 2011, Plaintiff had still not returned to work and Ms. Figurski received an

email from Barbara Renick of SVHC's Residency Program inquiring about Plaintiff's return to work date. Pl.'s SMF [ECF No. 84] at ¶ 54. In response to Ms. Renick's email, on this same date, Ms. Figurski sent Plaintiff a letter regarding her FMLA leave extension. The letter stated:

> This letter is regarding your need for an extension to your FMLA for yourself (Family Medical Leave). You are eligible for this upon receipt of an extension from your treating physician. We have not received that notice and the original expected return date was 6/26/2011. For this additional time to be protected under the FMLA, we need your information by the end of this work week.

7/11/2011 Figurski Letter [ECF 85-2] at 28. Plaintiff argues that Ms. Figurski did not attach any forms to this letter, nor did she use the words "certification" or "recertification," did not define the term "extension" or what "information" was needed from Plaintiff's physician and only gave Plaintiff four days to comply with the letter. Pl.'s SMF [ECF No. 84] at ¶ 56. Plaintiff also testified that she received the letter on July 16, 2011, by which time the deadline to respond had already passed. *Id.* at ¶ 57.

On July 18, 2011, Ms. Figurski sent an email to Plaintiff stating "we need your treating physician to fax a statement extending your medical leave until the end of July. They can fax that to me[.]" 7/18/2011 Figurski Email [ECF 85-2] at 29. Plaintiff asserts that during the week of July 18 - July 25, 2011, she exchanged voicemails with Dr. Patel's office and spoke with Dr. Patel's staff about receiving documentation for her extension of FMLA leave. Pl.'s SMF [ECF No. 84] at ¶ 68. On July 28, 2011, Plaintiff was informed by Dr. Patel's office for the first time that it would not provide the requested documentation for FMLA leave extension. *Id.* at ¶ 70. On July 28, 2011, July 29, 2011 and August 1, 2011, Plaintiff contacted Dr. Patel's office and asked to speak with Dr. Patel directly, but he did not speak directly with her and did not return her messages. *Id.* at ¶ 71. Plaintiff testified that she wanted to speak with Dr. Patel so that he could take a medical history from her since he last saw her on June 24, 2011 and outline her continued

SVT symptoms. *Id.* at ¶ 72. According to Plaintiff, she did not contact Dr. Patel previously because she was not "panicked" about the continuing SVT symptoms because she knew she would experience these symptoms while the heart muscles were recovering following the procedure. *Id.* at ¶ 73. On July 29, 2011, Plaintiff contacted Dr. McCarthy and informed him that she was having difficulty contacting her doctor. *Id.* at ¶ 75.

On the next business day, August 1, 2011, Dr. McCarthy informed Plaintiff during a telephone conversation that she was discharged from the residency program for unauthorized absences and was sent a certified dismissal letter reflecting the same on August 3, 2011. The letter read:

> As per our phone conversation on 8-1-2011, your dismissal was based on an unauthorized leave of absence based on your failure to return to work on June 27, 2011. Several formal requests were made to you to secure an extension of your leave of absence from your treating physician and you did not comply. Therefore, your protection of continued employment with Saint Vincent was not maintained.

8/3/2011 McCarthy Letter [ECF 85-2] at 30. In terminating Plaintiff, Dr. McCarthy did not receive approval from the Director of Osteopathic Medical Education, the Vice President for Medical Education or the President of the Health Center, which plaintiff contends was required by her Appointment Agreement. Pl.'s SMF [ECF No. 84] at ¶ 87. After Plaintiff was informed of her termination, she did not file a written demand for a hearing. Def.'s SMF [ECF No. 79] at ¶ 87.

After Dr. McCarthy notified Plaintiff that she was terminated from the program, she again tried to contact Dr. Patel to obtain the requisite recertification for FMLA leave. Pl.'s SMF [ECF No. 84] at ¶ 90. Dr. Patel did not directly speak with Plaintiff. *Id.* Dr. Patel later testified that he would have certified leave if Plaintiff reported complications or symptoms occurring

post-surgery. Preliminary Injunction Tr. [ECF No. 20-1] at 9.  Plaintiff requested an appointment from Dr. Patel's office at that time, but was not scheduled for an appointment until the end of September 2011.

According to Plaintiff, on August 2, 2011, she was examined by Dr. Joan M. Orloski, a physician in emergency and family medicine, whose office was located in Duryea, Pennsylvania. Pl.'s SMF [ECF No. 84] at ¶ 98.  On August 4, 2011, Dr. Orloski faxed a letter to SVHC indicating that she had seen Plaintiff, it was in Plaintiff's "best medical interest" to take at least four weeks leave from work to allow her to recuperate and that it was common for patients to experience SVT symptoms four to six weeks post-ablation surgery. Orloski Certification [ECF No. 85-2] at 31.  The letter also indicated that Plaintiff was fit to return to work as of August 1, 2011. *Id.*  SVHC did not notify Plaintiff or Dr. Orloski that Dr. Orloski's letter was insufficient as a recertification of FMLA leave, request that Dr. Orloski submit more information, nor request that Plaintiff submit additional information.

On August 15, 2011, Ms. Figurski sent a return to work form to Dr. Patel's office for completion, because the previously submitted June 14, 2011 certification form did not include a return to work date. Pl.'s SMF [ECF No. 84] at ¶¶ 106-07.  Two months later, on October 5, 2011, Dr. Patel returned the return to work form indicating that "based on [his] last in person physical examination" of Plaintiff on June 24, 2011 immediately following the surgery, Plaintiff could have returned to work on July 1, 2011. 8/15/11 Patel Recertification [ECF No. 85-2] at 32-34.

On August 30, 2011, the SVHC Graduate Medical Education Committee held a meeting and the minutes of that meeting reflected that Plaintiff was dismissed on August 1, 2011 due "to an unauthorized leave of absence, combined with academic issues." SVHC Graduate Medical

Education Committee Meeting Minutes [ECF No. 85-2] at 35. Dr. McCarthy testified that he did not believe Plaintiff when she contributed her absence to continued SVT symptoms post-ablation, testified "that was [not] the main reason she wanted to be off," and she was lying about experiencing post-ablation symptoms in order to have time off to study for her COMLEX examination. Pl.'s SMF [ECF No. 84] at 115.

### B. Procedural Background

Plaintiff initiated the instant action against SVHC on December 1, 2012. Compl. [ECF No. 1]. Plaintiff contemporaneously filed a motion for a preliminary injunction for SVHC to reinstate Plaintiff into the SVHC Residency Program. Mot. for Preliminary Injunction [ECF No. 2]. After the motion was fully briefed and a hearing was held on the matter, the Court denied Plaintiff's motion for preliminary injunction on August 28, 2013. *See* Memo. Op. [ECF No. 33]. On October 16, 2013, Plaintiff, with leave of Court, filed an amended complaint setting forth the following claims against SVHC: (1) violation of 29 U.S.C. § 2615(a)(1) of the Family Medical Leave Act ("FMLA"); (2) violation of 29 U.S.C. § 2615(a)(2) of the FMLA; (3) breach of contract; and (4) a violation under 20 U.S.C. § 1681 for sex discrimination under Title IX. On August 29, 2014, Plaintiff voluntarily dismissed her claim for sex discrimination under Title IX. After a period of discovery, on August 30, 2014, SVHC filed the instant motion for summary judgment and brief in support arguing that all of Plaintiff's remaining claims against it should be dismissed with prejudice. The motion is fully briefed as Plaintiff responded to Defendant's motion and Defendant filed a reply thereafter.

### C. Jurisdiction

Because Plaintiff brings claims under the Family Medical and Leave Act, jurisdiction is properly invoked pursuant to 28 U.S.C. § 1331. It is also proper for this Court to exercise its

supplemental jurisdiction for Plaintiff's state law claims under 28 U.S.C. § 1367.

D. Standard of Review

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A moving party is entitled to summary judgment if he demonstrates that "the nonmoving party has failed to make a sufficient showing of an essential element of [his] case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The nonmoving party bears the burden of adducing palpable evidence "establishing that there is a genuine factual dispute for trial" and may not merely rely upon "bare assertions or conclusory allegations" to survive summary judgment. *Hogan v. Twp. of Haddon*, 278 F.App'x 98, 101 (3d Cir. 2008) (citing *Fireman's Ins. Co. v. DuFresne*, 676 F.2d 965, 969 (3d Cir. 1982)). "A motion for summary judgment will not be defeated by 'the mere existence' of some disputed facts, but will be denied [only] when there is a genuine issue of material fact." *Am. Eagle Outfitters v. Lyle & Scott Ltd.*, 584 F.3d 575, 581 (3d Cir. 2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)). A fact is material if proof of its existence or non-existence might affect the outcome of the case. *Anderson,* 477 U.S. at 248. Thus, the dispute must be material, by affecting the outcome of the case, and must be genuine, meaning there is evidence such that a reasonable jury could return a verdict for the nonmoving party. *Id*. at 248. "Speculation, conclusory allegations, and mere denials are insufficient to raise genuine issues of material fact." *Boykins v. Lucent Techs., Inc.*, 78 F.Supp.2d 402, 407 (E.D.Pa. 2000). The court should draw inferences "in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Big Apple BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992) *cert. denied* 507 U.S. 912 (1993).

E. <u>Discussion</u>

As a preliminary matter, Plaintiff filed a stipulation of dismissal of Plaintiff's Title IX sex discrimination claim, count four of the complaint. *See* 8/28/2014 Stipulation [ECF No. 76]. Therefore, it is respectfully recommended that this count be dismissed pursuant to the stipulation and this Court will not discuss the merits of this claim.

SVHC moves for summary judgment on all of Plaintiff's remaining claims, for FMLA interference and retaliation and for her breach of contract claims. SVHC moves for summary judgment for Plaintiff's FMLA claims on the basis that (1) there has been no new material evidence since the preliminary injunction hearing such that the Court should affirm the findings of fact and conclusions of law set forth in the Court's prior decision finding that Plaintiff could not establish a *prima facie* case of FMLA interference; (2) Plaintiff has not independently established a *prima facie* case of interference under the FMLA; (3) Plaintiff cannot establish an actionable retaliation claim under the FMLA because she failed to establish a *prima facie* case of retaliation and SVHC had a legitimate non-discriminatory reason for terminating Plaintiff's employment. SVHC also moves for summary judgment on Plaintiff's breach of contract claim because it argues that no breach occurred. Each argument will be addressed in turn.

i.  *FMLA Claims*

The FMLA was enacted to "balance the demands of the workplace with the needs of families" and entitles "employees to take reasonable leave for medical reasons." 29 U.S.C. § 2601(b)(1), (2). Under the FMLA, these purposes are to be achieved "in a manner that accommodates the legitimate interests of employers." 29 U.S.C. § 2601(b)(3). The FMLA "creates a series of prescriptive substantive rights for eligible employees, often referred to as the 'entitlement' or 'interference' provisions which set floors for employer conduct." *Callison v.*

*City of Phila.*, 430 F.3d 117, 119 (3d Cir. 2005) (citing *Churchill v. Star Enters.*, 183 F.3d 184, 192 (3d Cir. 1999)). Such eligible employees are "entitled to a total of twelve workweeks of leave during any twelve-month period" if the employee suffers a "serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). On return from leave, the employee is entitled to be restored to her same position of employment, or "to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment." 29 U.S.C. § 2614(a)(1)(A), (B). An employee suffers a serious health condition where she has "an illness, injury, impairment, or physical or mental condition that involves (A) inpatient care in a hospital, … or (B) continuing treatment by a health care provider." 29 U.S.C. § 2611(11).

In invoking FMLA rights, the employee must provide their employer with adequate notice of the need for leave. 29 U.S.C. § 2612(e). When the employee's need for leave is unforeseeable, the employee is "obligated to notify their employer 'as soon as practicable,' 29 C.F.R. § 825.303(a), and 'provide sufficient information for an employer to reasonably determine whether the FMLA may apply.'" *Lichtenstein v. Univ. of Pgh. Med. Ctr.,* 691 F.3d 294, 301 (3d Cir. 2012) (quoting 29 C.F.R. § 825.303(b)). "While the FMLA 'does not require an employer to be clairvoyant,' *Brenneman v. MedCentral Health Sys.*, 366 F.3d 412, 428 (6th Cir. 2004), this does not mean that employees need to provide every detail necessary for the employer to verify if the FMLA applies." *Id.* at 303. Under FMLA regulations, "where the employer does not have sufficient information about the reason for an employee's use of leave, the employer should inquire further of the employee . . . to ascertain whether leave is potentially FMLA-qualifying." 29 C.F.R. § 825.303(a). The employee need not use "magic words" to provide the employer with adequate notice, but rather, the "critical question is how the

information conveyed to the employer is reasonably interpreted." *Sarnowski v. Air Brooke Limousine, Inc.*, 510 F.3d 398, 402 (3d Cir. 2007).

The FMLA also provides protection against discrimination based on the exercise of these rights, which are often referred to as the "discrimination" or "retaliation" provisions. 29 U.S.C. § 2615(a)(1), (2); 29 C.F.R. § 825.220(c). Under these provisions, an employer may not "use the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions or disciplinary actions." 29 C.F.R. § 825.220(c) (the Act "prohibits an employer from discriminating or retaliating against an employee . . . for having exercised or *attempted to exercise* FMLA rights.") (emphasis added). "[F]iring an employee for [making] a valid request for FMLA leave may constitute interference with the employee's FMLA rights as well as retaliation against the employee." *Erdman v. Nationwide Ins. Co.*, 582 F.3d 500, 509 (3d. Cir. 2009). Here, Plaintiff brings both interference and discrimination claims against SVHC.

a. Preclusive Effect of Preliminary Injunction Memorandum Opinion

SVHC argues that this Court is bound by the findings set forth in the preliminary injunction decision as the law of the case which found that Plaintiff did not show a *prima facie* case for FMLA interference.[3]

Generally, "findings made in granting or denying preliminary injunctions can have preclusive effect if the circumstances make it likely that the findings are 'sufficiently firm' to persuade the court that there is no compelling reason for permitting them to be litigated again." *Hawksbill Sea Turtle v. Fed. Emergency Mgmt. Agency*, 126 F.3d 461, 474 n. 11 (3d Cir. 1997) (quoting *Dyndul v. Dyndul*, 620 F.2d 409, 411-12 (3d Cir. 1980)). It is not mandatory that a

---

[3] The Court specifically found that "Plaintiff ha[d] failed to establish a *prima facie* case of interference with her FMLA rights because she has not established that she properly requested and was entitled to leave during the relevant time period." Memo. Op. [ECF No. 33] at 9.

court give preclusive effect to findings made in a preliminary injunction decision. In determining whether findings in a prior proceeding are "sufficiently firm" the court must consider whether "the parties were fully heard, whether the court filed a reasoned opinion, and whether that decision could have been or actually was appealed." *Id*. *See also McTernan v. City of York, Penn.*, 577 F.3d 521, 530 (3d Cir. 2009) ("findings made in preliminary injunction decisions have preclusive effect 'if the circumstances made it likely that the findings are accurate [and] reliable.'") (quoting *Hawksbill*, 126 F.3d at 474 n. 11).

In the instant case, the court's decision denying the preliminary injunction was based on a prior version of the complaint, and while witnesses testified at the hearing, all of those witnesses were later deposed to expand upon their previous testimony and the parties had a full period of discovery to gain access to additional evidence to supplement the record. There was a further development of the factual record based upon this new complaint and discovery was not completed at the time of the preliminary injunction hearing and the decision rendered. Therefore, in the interests of justice, the Court will revisit whether at this time, based upon the full record, Plaintiff has met her burden of showing a *prima facie* case for interference with her FMLA rights and will not give preclusive effect to the prior decision denying the preliminary injunction.

b.   Plaintiff's FMLA Interference Claims

i.   *Prima Facie Case for Interference*

To make a *prima facie* showing of an interference claim, an employee must demonstrate that she was entitled to benefits under the FMLA and that she was denied those benefits. *Sommer v. The Vanguard Grp.*, 461 F.3d 397, 399 (3d Cir. 2006). There is no FMLA interference "where there are no benefits to interfere with." *Szostek v. Drexel Univ.*, 2013 WL 4857989, at *12

(E.D.Pa. Sept. 11, 2013). An interference claim under the FMLA "is not about discrimination, it is only about whether the employer provided the employee with the entitlements guaranteed by the FMLA." *Callison v. City of Phila.*, 430 F.3d 117, 120 (3d Cir. 2005). Any violation of the FMLA or its regulations "constitute[s] interfering with, restraining, or denying the exercise of rights provided by the Act." 29 C.F.R. § 825.220(b); *Conoshenti v. Pub. Serv. Elec. & Gas Co.*, 364 F.3d 135, 142 (3d Cir. 2004). "Interfering with the exercise of an employee's rights would include for example, not only refusing to authorize FMLA leave, but discouraging an employee from using such leave. It would also include manipulation by a covered employer to avoid responsibilities under FMLA." *Conoshenti*, 364 F.3d at 142 (quoting 29 C.F.R. § 825.220(b)).

The United States Supreme Court further delineated the requirement that a plaintiff must show prejudice from the employer's interference of her FMLA rights. *Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 89, 122 S.Ct. 1155 (2002) ("[Section] 2617 provides no relief unless the employee has been prejudiced by the violation[.]"). To establish prejudice, an employee must show that the employer's failure to conform to the FMLA and attendant regulations "rendered [the employee] unable to exercise that right in a meaningful way, thereby causing injury." *Conoshenti,* 364 F.3d at 143.

SVHC generally argues that Plaintiff has failed to set forth a *prima facie* case of interference with her FMLA rights because she had not illustrated she was entitled to leave. For the following reasons, the Court disagrees with SVHC and finds that Plaintiff has shown that she was entitled to FMLA leave.

For Plaintiff to show a *prima facie* case for interference, she must show that she was entitled to take extended FMLA leave on June 27, 2011 through August 1, 2011 and that SVHC denied her right to do so. SVHC does not explicitly argue that it was not provided with adequate

notice of the need for Plaintiff's additional FMLA leave, nor does it argue that Plaintiff did not have a serious health condition necessitating additional FMLA leave. It argues, rather, that Plaintiff's approved leave ended on June 26, 2011. Def.'s Br. in Supp. of Mot. for Summ. J. [ECF No. 78] at 5. However, it is not whether SVHC "approved" the need for additional leave for purposes of establishing a *prima facie* case, but whether Plaintiff was underentitled to that leave under the Act. To be entitled to FMLA leave, an employee need only suffer a "serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). Plaintiff testified that she suffered recurrent SVT symptoms post-ablation surgery which made her unable to perform the functions of an emergency room resident doctor such that the FMLA applied to her. This is enough to show that Plaintiff was eligible for FMLA leave.

SVHC implicitly argues that Plaintiff did not have a serious medical condition by pointing out that no evidence exists besides her own testimony that she had recurrent SVT symptoms post-ablation, and she cancelled her follow-up appointment with her cardiologist and did not reschedule. However, because SVHC does not explicitly raise the issue of the veracity of Plaintiff's claims in its briefing, nor did it submit any testimony that Plaintiff's claims were implausible, it is properly considered waived for purposes of this decision. *See Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.,* 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless a party raises it in its opening brief, and for those purposes a passing reference to an issue . . . will not suffice to bring that issue before this court."); *In re Fosamax (Alendronate Sodium) Products Liab. Litig. (No. II)*, 751 F.3d 150, 164 (3d Cir. 2014) (same); *Ethypharm S.A. France v. Abbott Labs.*, 707 F.3d 223, 231 n. 13 (3d Cir. 2013) (same). The same is true for any argument that SVHC was not provided adequate notice of Plaintiff's need

for additional leave.

Even assuming *arguendo* that Defendant properly brought these arguments, the evidence weighs against SVHC in this regard. Plaintiff had a serious health condition, SVT, which required inpatient hospital care and, as her cardiologist indicated, her condition was perpetual so as to arguably require continual treatment by a health care provider. *See* 29 U.S.C. § 2611(11). Additionally, SVHC was given notice of Plaintiff's need for additional leave, as she notified the head of SVHC's HR Department on June 27, 2011 that she was still experiencing SVT symptoms and could not return to work. When the need for FMLA leave is unforeseeable, as was here, employees are only required to notify their employer "as soon as practicable," 29 C.F.R. § 825.303(a), and "provide sufficient information for an employer to reasonably determine whether the FMLA may apply." 29 C.F.R. § 825.303(b). If the employee does not provide her employer with enough information for the employer to make a determination whether the FMLA applies, it is incumbent upon the <u>employer</u> to request additional information. 29 C.F.R. 825.303(a); *Lichtenstein,* 691 F.3d at 303-04. Here, Plaintiff gave notice as soon as her leave ended that she was still experiencing medical issues and needed additional leave time, which also happened to be three days after her surgery. Plaintiff's request for an extension of FMLA leave was also on par with SVHC's employee handbook which required an employee "request an extension at the conclusion of an approved leave" in order for the leave to not be considered a voluntary termination. Def.'s SMF [ECF No. 79] at ¶ 29. SVHC did not request additional information from Plaintiff at that time and did not do so until it sent a letter to Plaintiff on July 11, 2011 which Plaintiff testified she did not receive until July 16, 2011. Plaintiff's duty of putting SVHC on notice of her need for additional leave was discharged. Therefore, even if SVHC had properly brought these arguments, Plaintiff has still set forth that she was entitled to

FMLA leave under a *prima facie* analysis.

Consequently, the next issue for discussion is whether SVHC denied her FMLA benefits and whether she was prejudiced by them. In her response brief, Plaintiff sets forth varying legal theories under her interference claim, and because each theory implicates different FMLA regulations, each regulation violation will be discussed separately.

1. SVHC's Failure to Inform Plaintiff of Insufficient/Incomplete Certification

First, Plaintiff argues that because SVHC failed to notify her that her certification was insufficient or incomplete prior to limiting her FMLA leave to June 26, 2011, SVHC has violated 29 C.F.R. § 825.305(c).

Under the FMLA, an employer may require the employee to submit a medical certification completed by a health care provider in order to substantiate the employee's right to FMLA leave. 29 U.S.C. § 2613(a). If the employer requires the employee to submit a certification, the employer must provide notice to the employee that such certification is required and advise the employee of the consequences for failure to provide such certification. 29 C.F.R. § 825.305(a). The employer must give the employee fifteen days to submit the certification following its request, "unless it is not practicable under the particular circumstances to do so despite the employee's diligent, good faith efforts or the employer provides more than 15 calendar days to return the requested certification." 29 C.F.R. § 825.305(b). If the completed certification is insufficient or not completed, the employer must inform the employee in writing "what additional information is necessary to make the certification complete and sufficient." *Id.* at § 825.305(c). Under the FMLA regulations, "[a] certification is considered insufficient if the employer receives a complete certification, but the information provided is vague, ambiguous, or non-responsive." *Id.* The employer must give the employee seven days to cure the insufficiency.

If the employee does not resubmit a complete and sufficient certification after that time period, the employer may deny the taking of FMLA leave. *Id.*

One district court has found that an employer's failure to request additional information regarding a medical certification from its employee constituted a valid interference claim. *Herco v. SETPA*, 2011 WL 294493, at *3 (E.D.Pa. Jan. 25, 2011). In *Herco*, the court found that the employee raised genuine issues of material fact regarding whether his employer interfered with his FMLA rights. The court explained:

> Herco provided a medical certification that included both incomplete entries and vague responses regarding the duration of the intermittent leave he required. Therefore, his certification was incomplete. 29 U.S.C. § 2613(b); see also Peter v. Lincoln Tech. Inst., Inc., 255 F.Supp.2d 417, 444 (E.D.Pa. 2002); Marrero v. Camden Cnty. Bd. of Social Servs., 164 F.Supp.2d 455, 466 (D.N.J. 2001); Shtab v. Greate Bay Hotel and Casino, Inc., 173 F.Supp.2d 255, 265 (D.N.J. 2001). Under the FMLA, an employer must notify an employee in writing if it finds the certification incomplete and grant the employee at least seven days to provide additional information. 29 C.F.R. § 825.305(c). . . . Thus, failure to request additional information before limiting an employee's FMLA leave to one day per month can constitute a valid interference claim.

*Herco*, 2011 WL 294493, at *10.

Applied to the case at bar, the Court agrees with the *Herco* decision that viewing the evidence in the light most favorable to Plaintiff, SVHC's failure to inform Plaintiff that Dr. Patel's original certification was incomplete and insufficient constitutes an interference with Plaintiff's FMLA rights and that Plaintiff was harmed by SVHC's failure as her absence from work after June 26, 2011 was considered "unauthorized" and she was terminated for unauthorized absences. In response to the questions regarding Plaintiff's period of incapacity and period of recovery, Dr. Patel responded "unknown until ablation" and did not provide a date certain for Plaintiff to return to work. Additionally, he did not answer the question as to whether

Plaintiff was unable to perform any of her job functions due to her condition. SVHC did not inform Plaintiff or Dr. Patel that the certification was incomplete or deficient, nor required her to cure any deficiencies of the certification. SVHC's HR representative, Ms. Freeman assigned a return to work date of June 24, 2011 to which Plaintiff informed Ms. Freeman that she would still be in the hospital. Ms. Freeman then reassigned Plaintiff's return to work date to June 26, 2011 after Plaintiff notified her that she would still be in the hospital recovering from her surgery on that date. It is reasonable for a jury to find that SVHC violated the FMLA by failing to inform Plaintiff that her medical certification was insufficient, and unilaterally assigning her return to work date instead of having Plaintiff submit a sufficient and completed certification, or for her doctor to follow up with her or SVHC after her surgery. After Plaintiff's surgery, Dr. Patel prepared a discharge summary indicating that Plaintiff could return to work within three days, to follow up with her primary care physician within one to two weeks after the surgery and scheduled a follow-up appointment with Dr. Patel on July 22, 2011. The fact that Plaintiff "knew" that she was to return to work on June 27, 2011, that her physician permitted her to return to work on that date following her surgery and that she requested an "extension" of leave on that date cannot be held against her at this stage as the nonmoving party.

A reasonable jury could also find that Plaintiff suffered prejudice from SVHC's failure to inform Plaintiff of an incomplete certification in the first instance, because SVHC did not consider any period of time after that protected FMLA leave and terminated Plaintiff's employment because she had not returned to work after that date. Further, only after Plaintiff was terminated did SVHC contact Dr. Patel to complete another certification, in which he indicated that Plaintiff could have returned to work on July 1, 2011. SVHC interfered with Plaintiff's FMLA rights by not informing her that the certification submitted by Dr. Patel was

incomplete and insufficient and that she suffered harm because it considered any period of time after June 26, 2011 an unauthorized absence and did not follow up with Dr. Patel or Plaintiff to determine a proper return to work date.

Therefore, it is respectfully recommended that Defendant's motion for summary judgment be denied on Plaintiff's claim that SVHC interfered with Plaintiff's FMLA rights by failing to inform Plaintiff that Dr. Patel's certification was insufficient and incomplete and considering any leave after July 26, 2011 unprotected by the FMLA in violation of 29 C.F.R. § 825.305.

2.    <u>SVHC's Failure to Provide Plaintiff with a Designation Notice</u>

Next, Plaintiff alleges that SVHC failed to provide Plaintiff with the required Designation Notice such that she did not receive enough information about her leave so that she could make an informed decision regarding her FMLA leave in violation of 29 C.F.R. § 825.300.

When an employee requests FMLA leave, the employer must provide the employee with each of the following FMLA notices:

> (1) *Eligibility Notice*. Once an employee notifies an employer of an FMLA qualifying medical leave . . . "the employer must notify the employee of the employee's eligibility to take FMLA leave within five business days" of ascertaining that her leave may be for an FMLA-qualifying reason, absent extenuating circumstances. 29 C.F.R. [§] 825.300(b)(1).

> (2) *Right and Responsibilities Notice*. Whenever the eligibility notice is provided, "[e]mployers shall provide written notice detailing the specific expectations and obligations of the employee and explaining any consequences of a failure to meet these obligations. . . . Employers are also expected to responsively answer questions from employees concerning their rights and responsibilities under the FMLA." 29 C.F.R. [§] 825.300(c)(1).

> (3) *Designation Notice*. Within five days of when an employer has enough information to determine whether the employee's leave is

> FMLA qualifying, the employer must notify the employee in writing as to whether the leave will be designated and will be counted as FMLA leave. 29 C.F.R. [§] 825.300(d)(1), (4). . . . Moreover, "[t]he employer must notify the employee of the amount of leave counted against the employee's FMLA leave entitlement. If the amount of leave is known at the time the employer designates the leave as FMLA-qualifying, the employer must notify the employee of the number of hours, days, or weeks that will be counted against the employee's FMLA leave entitlement in the designation notice[.]" 29 C.F.R. § 825.300(d)(6).

*Young v. Wackenhut Corp.*, 2013 WL 435971, at *4 (D.N.J. Feb. 1, 2013). Failure to provide any of the mentioned notices "constitute[s] an interference with, restraint, or denial of the exercise of an employee's FMLA rights. An employer may be liable for compensation and benefits lost by reason of the violation, for other actual monetary losses sustained as a direct result of the violation, and for appropriate equitable or other relief[.]" 29 C.F.R. § 825.300(e).

Plaintiff argues that "[o]nce an employer has enough information that leave is being taken for a FMLA-qualifying reason ("e.g., after receiving a certification"), the employer must provide a Designation Notice notifying the employee within five days whether her leave will be designated and counted as FMLA leave." Pl.'s Resp. Br. [ECF No. 83] at 6. SVHC responds that it did provide Plaintiff with a Designation Notice on or about June 8, 2011 and as such discharged its duty under the FMLA regulations and did not interfere with Plaintiff's FMLA rights.

Plaintiff cites to *Young*, *supra*, in support of her position, as the plaintiff in that case was granted summary judgment for her employer's failure to provide that plaintiff with a Designation Notice. While the court in *Young* found that the plaintiff was entitled to summary judgment, it did so because the employer failed to give any notice to its employee regarding her application for FMLA leave. After the plaintiff completed her application for FMLA leave, her employer did not provide her with a Designation Notice, did not designate the leave as FMLA leave, did

not inform plaintiff that she needed a doctor's note to return to work, and did not inform her of her return to work date and thus did not provide the "individualized notice" required by the FMLA and was entitled to summary judgment. *Young*, 2013 WL 435971, at *4.

Here, Plaintiff submitted an application for FMLA leave on June 1, 2011. In response, SVHC sent Plaintiff a Designation Notice indicating that it needed more information to determine whether FMLA applied, and that the medical certification provided by Plaintiff was not complete and sufficient to determine whether FMLA applied. In handwritten notes on the Designation Notice, it states: "(1) Page 4 Dr's signature is missing"; "(2) whoever fills out this form must have seen you for this condition this Dr has not"; (3) No period of incapacity until 6/23/11??, but you requested FMLA 6/6/11-6/24/11??". 6/1/2011 Designation Notice [ECF No. 92-1] at 3. Subsequently, Dr. Patel submitted a medical certification on June 15, 2011. Under the plain language of 29 C.F.R. § 825.300(d)(1) and (4) when an employer has enough information to determine whether the employee's leave qualifies for FMLA leave, within five days, the employer must provide the employee with a Designation Notice, informing the employee in writing whether such leave will be counted as FMLA leave. At this point, SVHC had enough information to determine whether FMLA applied to Plaintiff's leave upon receipt of Dr. Patel's medical certification on June 15, 2011 such that it was required to provide Plaintiff with a Designation Notice. The regulations do not state that an employer must only provide one Designation Notice during the course of an employee's application for FMLA leave, but rather imposes a seemingly rolling requirement that an employer inform its employee when there is enough information to determine whether FMLA leave applies. The Court finds that the submission of a medical certification is such a circumstance which would require an employer to notify its employee in writing whether such leave is designated as FMLA.

It is also reasonable to conclude that Plaintiff was prejudiced by SVHC's failure to submit a Designation Notice following Dr. Patel's submission of Plaintiff's incomplete medical certification because it considered any leave following June 26, 2011 to be "unauthorized" and terminated her employment for unauthorized absences.

Additionally, the Court finds that a reasonable jury could find that Plaintiff suffered prejudice from SVHC's failure to provide an individualized Designation Notice regarding Plaintiff's request for extended FMLA leave. According to Plaintiff, on June 27, 2011, the day after her FMLA leave expired, she contacted Ms. Figurski to extend her leave, which Ms. Figurski approved and informed Plaintiff that she would be contacted if any issues arose. Plaintiff also contends that she was not informed at this point that she would be discharged if she did not return to work or failed to provide a recertification. SVHC did not request recertification from Plaintiff until July 11, 2011, via letter, which Plaintiff testified she did not receive until July 16, 2011. Viewing the evidence in the light most favorable to Plaintiff, it is reasonable to find that Plaintiff was prejudiced by SVHC's failure to provide her with a Designation Notice following her request for an extension of FMLA leave. Had SVHC indicated to Plaintiff that additional information was needed to approve her extension of FMLA leave through a recertification from her physician within five days of Plaintiff notifying SVHC on June 27, 2011 that she needed additional time off, Plaintiff could have contacted her doctor within that time to schedule an appointment or to have her physician document her ongoing symptoms. Dr. Patel testified that if Plaintiff would have contacted him regarding her ongoing SVT symptoms and/or complications, he "would have" certified four to five weeks for leave from work. It was only the fact that Plaintiff did not contact him prior to July 18, 2011 (two days after SVHC requested a recertification, but almost a month after surgery) that he would not provide the requested

recertification. It is reasonable for a jury to believe that Plaintiff believed she was approved for FMLA leave upon her request of Ms. Figurski on June 27, 2011 and that no additional information was necessary to approve her leave. In viewing the evidence in the light most favorable to Plaintiff, she has shown that she was prejudiced by SVHC's failure to provide Plaintiff with a Designation Notice indicating that a recertification was necessary to approve Plaintiff's extension of FMLA leave.

Therefore, it is respectfully recommended that summary judgment be denied for Plaintiff's claim that it interfered with her FMLA rights by failing to provide her with a Designation Notice within five days of her doctor submitting a certification for her initial period of FMLA leave, and it is further respectfully recommended that summary judgment be denied for Plaintiff's claim that SVHC interfered with her FMLA rights by failing to provide her with a Designation Notice within five days of her request for an extension of FMLA leave.

### 3. SVHC's Request for Recertification

Plaintiff argues that SVHC failed to notify Plaintiff that it believed her FMLA ended on June 26, 2011, required a recertification for additional leave, and failed to inform her of the consequences for failing to produce a recertification.

First, Plaintiff argues that she "did not request an 'extension of leave' because there was never any definite period of incapacity/recovery certified by her doctor, and he never informed Plaintiff or Defendant of any such periods." Pl.'s Resp. Br. [ECF No. 83] at 9. Plaintiff's argument is rejected because it is undisputed that she contacted SVHC the day after her leave ended on June 27, 2011 to expressly request an extension of FMLA leave.

Next, Plaintiff argues that SVHC "interfered with FMLA rights because it "failed to make a proper request for recertification" because it did not inform her of the consequences of

not providing the requested recertification and was not given at least fifteen days to submit the recertification. *Id.* Defendant responds that it properly informed Plaintiff of the consequences for failing to submit a recertification such that it did not violate the FMLA, and that it did in fact give Plaintiff more than fifteen days to provide the recertification, and even if the Court finds that it did not, this did not prejudice Plaintiff in any way.

In viewing the evidence in the light most favorable to Plaintiff, the first time that Plaintiff was informed that she needed to submit a recertification was July 16, 2011 when she received SVHC's letter dated July 11, 2011 giving her until the end of the week, or July 15, 2011 to submit a recertification. By contrast, SVHC points out that Kim Figurski testified that she informed Plaintiff on June 27, 2011 when Plaintiff sought the extension of FMLA leave, that extending her leave would be approved if her physician certified such leave.

An employer may request recertification of an employee's medical condition if, *inter alia*, the employee requests an extension of FMLA leave. 29 C.F.R. § 825.308(c)(1). An employer may make an oral request for recertification. 29 C.F.R. § 825.305(a). The employer must give the employee fifteen days to submit a recertification, "unless it is not practicable under the particular circumstances to do so despite the employee's diligent, good faith efforts." 29 C.F.R. § 825.308(d). Other courts "have found that evidence that an employer neglected to inform an employee that failure to provide adequate medical certification could result in termination could lead a jury reasonably to conclude that the employer has interfered with the employee's FMLA rights." *Branham v. Gannett Satellite Info. Network, Inc.*, 619 F.3d 563, 574 (6th Cir. 2010) (citing *Wilson v. Lemington Home for the Aged*, 159 F.Supp.2d 186, 194 (W.D.Pa. 2001) (employer's determination that employee had voluntarily quit after taking undocumented leave failed to comply with FMLA notice requirements); *Chenoweth v. Wal-Mart*

*Stores, Inc.*, 159 F.Supp.2d 1032, 1039 (S.D.Ohio 2001)).

Here, Plaintiff was not terminated from employment for failing to submit the recertification by July 15, 2011, before the fifteen day period had expired, but rather was terminated on August 1, 2011. Plaintiff therefore cannot show how she was prejudiced for SVHC's July 11, 2011 notice that she was required to submit a recertification by July 15, 2011 as she was not terminated for not doing so. Insofar as Plaintiff's assertion that she was not informed of the consequences of her failure to submit a recertification, it is reasonable for a jury to find that she was prejudiced by SVHC's failure to inform her that she may be terminated. She testified that if she was told about the adverse consequences for failing to provide the recertification, that she would have contacted her physician to schedule an appointment or to have her doctor document her ongoing symptoms when she first sought an extension of FMLA leave. This coupled with Dr. Patel's testimony that if Plaintiff contacted him sooner regarding her ongoing SVT symptoms, that he "would have" certified four to five weeks for leave from work is enough to prove that Plaintiff was prejudiced by SVHC's failure to inform her of the consequences of not submitting a recertification. It is also disputed whether Ms. Figurski informed Plaintiff of the need for recertification when Plaintiff contacted her on June 27, 2011 asking for an extension of FMLA leave.

Therefore, it is respectfully recommended that summary judgment be granted in favor of Defendant on Plaintiff's claim that SVHC interfered with her FMLA rights because it required she submit a recertification sooner than the fifteen day period set forth in the regulations. It is further respectfully recommended that summary judgment be denied on Plaintiff's claim that SVHC interfered with her FMLA rights for its failure to inform her of the need to submit a recertification on June 27, 2011 and of the consequences for failing to timely submit a

recertification.

4.      SVHC's Failure to Provide Plaintiff with More Time to
        Provide the Recertification

Plaintiff next argues that SVHC interfered with her FMLA rights by not allowing her more time to submit a recertification after she informed SVHC that she was having problems getting in contact with her treating physician to obtain the recertification.

The FMLA provides an equitable time frame in which plaintiff should submit a certification. Specifically, it provides that a certification is due within fifteen days "unless it is not practicable under the particular circumstances to do so despite the employee's diligent, good faith efforts." 29 C.F.R. § 825.308(d). Generally, "what is practicable in terms of timing is based on the facts and circumstances of each case and is a question for the jury." *Peter v. Lincoln Technical Inst., Inc*., 255 F.Supp.2d 417, 441 (E.D.Pa. 2002) (citing *Hopson v. Quitman Cnty. Hosp. & Nursing Home, Inc.,* 126 F.3d 635, 640 (5th Cir. 1997); *Manuel v. Westlake Polymers Corp*., 66 F.3d 758, 764 (5th Cir. 1995)). "Good faith requires 'at least that the employee contact his employer by telephone and make it aware that he is unable to return his certification before the deadline.'" *Id*. (quoting *Washington v. Fort James Operating Co*., 2000 WL 1673134, at *5 (D.Or. Nov. 7, 2000)). *See also Roupp v. Susquehanna Health Sys*., 2006 WL 118318, at *3-*4 (M.D.Pa. Jan. 13, 2006) (denying summary judgment as to whether employee acted diligently and in good faith in returning the requested recertification).

Here, Plaintiff testified that she was having trouble getting in contact with Dr. Patel and tried contacting his office multiple times between July 18 and July 25, 2011. On July 28, 2011 Plaintiff was informed by Dr. Patel's office staff that Dr. Patel would not approve her requested leave. On July 29, 2011 Plaintiff informed Dr. McCarthy that she was unable to speak directly to her physician. Plaintiff was terminated the following business day, August 1, 2011. On August

4, 2011, Plaintiff's new physician, Dr. Joan Orloski, faxed a letter to SVHC stating that it was in Plaintiff's "best medical interest" to take at least four weeks leave from work to allow her to recuperate and that she was medically able to return to work as of August 1, 2011. While equity does not dictate that Plaintiff be given an unlimited amount of time with which to submit the recertification, because there is enough evidence that she acted in good faith by contacting her physician and informed SVHC that she was having trouble getting in contact with her physician, it is undoubtedly for the jury to decide whether it was practicable under these facts and circumstances for SVHC to give Plaintiff until the end of July 2011 to submit a recertification. Of course, the fact that Plaintiff did not complain to Dr. Patel's office of any recurring symptoms before SVHC asked for the recertification, that Dr. Patel chose not to recertify her leave and that Plaintiff had to submit another physician's recertification are hurdles that she must overcome at trial, however such factual averments are within the jury's province to provide significance.

Therefore, it is respectfully recommended that summary judgment be denied on Plaintiff's claim that SVHC interfered with her FMLA rights by not providing an equitable amount of time for her to submit a recertification in violation of 29 C.F.R. § 825.308(d).

### c. Plaintiff's FMLA Retaliation Claims

To prevail on a FMLA retaliation claim, a plaintiff must demonstrate that "(1) she invoked her right to FMLA-qualifying leave, (2) she suffered an adverse employment decision, and (3) the adverse action was causally related to her invocation of rights." *Lichtenstein*, 691 F.3d at 302 (citations omitted). In order to show that a causative link exists between the FMLA leave and termination, "temporal proximity" between the protected activity and the adverse action is "unduly suggestive" and generally is "sufficient standing alone to create an inference of causality and defeat summary judgment." *Id.* at 307 (quoting *LeBoon v. Lancaster Jewish Cmty.*

*Ctr. Ass'n*, 503 F.3d 217, 232 (3d Cir. 2007)).  Where the temporal proximity between a plaintiff's protected activity and the adverse action is not unusually suggestive, courts determine "whether 'the proffered evidence, looked at as a whole, may suffice to raise the inference.'" *Id.* (quoting *LeBoon*, 503 F.3d at 232) (parenthetical citations omitted)).

SVHC argues that Plaintiff cannot establish that SVHC's decision to terminate her employment was causally related to her invoking her right to take medical leave because she was terminated for taking an unauthorized leave of absence from June 26, 2011 continuing until August 1, 2011.  Plaintiff responds that she has shown temporal proximity between her FMLA leave and her termination because she was granted an extension of FMLA leave on June 27, 2011 and fired on August 1, 2011, prior to the exhaustion of her FMLA leave.  The Court agrees.  Other courts have found that when an employee is fired while eligible for FMLA leave, temporal proximity exists for a *prima facie* case of retaliation. *See Lichtenstein*, 691 F.3d at 307 ("temporal proximity in this case is in the realm of what time Court and others have found sufficient at the *prima facie* stage" where the employee's termination was "just seven days after she invoked her right to FMLA leave"); *Exter v. Wilkes-Barre Hosp. Co., LLP*, 2014 WL 4384363, at *6 (M.D.Pa. Sept. 3, 2014) (employers decision to terminate employee while on FMLA leave is sufficient to create an inference of causality).  Additionally, SVHC terminating Plaintiff's employment after Plaintiff requested an extension of FMLA leave may constitute temporal proximity for purposes of a retaliation claim. *See Erdman*, 582 F.3d at 509.

FMLA retaliation claims "require a showing of the employer's retaliatory intent." *Id.* Where, as here, a plaintiff presents only circumstantial evidence of retaliatory intent, her claim is assessed "under the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)." *Id.*  Under the *McDonnell Douglas*

test, the plaintiff must first set forth a *prima facie* case of retaliation, after which the burden of production shifts to the defendant to "articulate some legitimate, nondiscriminatory reason for its decision." *McDonnell Douglas*, 411 U.S. at 802. If the defendant does so, the burden of production then shifts back to the plaintiff "to point to some evidence from which a factfinder could reasonably disbelieve [the defendant's proffered] reason." *Lichtenstein*, 691 F.3d at 302.

Plaintiff claims that she was terminated because she sought an extension of her FMLA leave and was not given enough time to submit her recertification. SVHC claims its legitimate non-discriminatory reason for terminating Plaintiff was that Plaintiff was terminated due to her unauthorized absences for her failure to submit a recertification and not because she sought an extension of her FMLA leave. Plaintiff contends that this was a pretextual reason for firing her and points to Dr. McCarthy's testimony that he did not believe that Plaintiff had suffered from recurring SVT symptoms post-ablation and that the main reason that Plaintiff wanted to take time from work was to study for her COMLEX examination. It is quite evident that there are multiple issues of material facts in this matter, as outlined extensively throughout this decision. For that reason, it is respectfully recommended that summary judgment be denied for Plaintiff's claim that Defendant retaliated against her for her request for extended FMLA leave.

    ii.  *Breach of Contract Claim*

Primarily, the parties agree that the employment agreement constituted a contract between the parties. Defendant argues that it did not breach the contract as Plaintiff was not deprived of her "due process" rights under the employment contract because she did not file a written demand for a hearing ten days after her termination as required under the agreement. In response, Plaintiff does not argue that the contract was breached by not giving her a pre-termination hearing, but rather argues that SVHC breached the employment contract by: (1)

terminating the agreement and/or taking disciplinary action against Plaintiff without first providing her "with notice and an opportunity to communicate the situation openly" as set forth in the employment agreement; and (2) Dr. McCarthy unilaterally terminated Plaintiff where, according to the employment agreement, any termination or discipline action had to be made as a group by "the Program Director, Director of Osteopathic Medical Education, Vice President for Medical Education, and the President of the Health Center." Pl.'s SMF [ECF No. 84] at ¶¶ 7-8.

The alleged breaches outlined by Plaintiff involve factual issues whether SVHC breached the employment agreement and also whether said breaches are material. Because under Pennsylvania law the question of whether a contract is materially breached is ordinarily a jury question, *Cameron v. Berger*, 7 A.2d 293, 296 (Pa. 1939) ("the question whether there has been a material breach of the condition is ordinarily for the jury"); *Int'l Diamond Importers, Ltd. v. Singularity Clark, L.P.*, 40 A.3d 1261, 1272 (Pa. Super. 2012) ("we and other courts consistently have treated inquiries into the materiality of a given breach as fact questions rather than questions of law to be decided from the bench.") (citations omitted), it is respectfully recommended that summary judgment be denied for Plaintiff's breach of contract claims.

## III.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendant's Motion for Summary Judgment be granted in part and denied in part. It is specifically recommended that Defendant's motion be granted on Plaintiff's claims that it interfered with her FMLA rights because it required she submit a recertification sooner than the fifteen day period in violation of 29 C.F.R. § 825.308 and that it be denied in all other respects.

In accordance with the Magistrate Judge's Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72(D)(2) of the Local Rules pertaining to Magistrate Judges, the parties are permitted until

<u>January 23, 2015</u> to file written objections to this Report and Recommendation. Failure to do so may waive the right to appeal. Any party opposing written objections shall have fourteen days after the service of such objections to respond thereto.

Dated: January 9, 2015

Respectfully submitted,

<u>/s Robert C. Mitchell</u>
ROBERT C. MITCHELL
United States Magistrate Judge

cc: The Honorable Cathy Bissoon
United States District Court
Western District of Pennsylvania

*Counsel for Plaintiff*
Michael J. Lorence, Esq.
Edward A. Olds, Esq.
James B. Lieber, Esq.
Richard N. Lettieri, Esq.

*Counsel for Defendant*
A. Patricia Diulus-Myers, Esq.
Cory E. Ridenour, Esq.